Merrick, C. J.,
dissenting. The instrument get up as title by the defendants is evidently one of those deeds of trust, common in the State of Mississippi, to secure the payment of a sum of money. The sum of two thousand dollars, named in the body of the instrument, is merely a nominal sum, as is apparent from the condition, which is in these words: “ The condition of the above bill of *648 sa]e js sucj); that, whereas, the said Ichabod Kelly has paid and furnished the said Vincent Singleton divers sums of money which were fully paid by the said Singleton to the said Kelly, will render this bill of sale null and void; and, provided, further, should the said Singleton, die without refunding said Kelly said sums of money, then, and in that case, the said Ichabod Kelly, his heirs and assigns, is hereby and forever exonerated from any further liability for any further sum or sums of money to the said Vincent B. Singleton, his heirs or assigns, but the absolute right and title of said negroes shall fully vest in said Ichabod Kelly, hi's heirs and assigns, forever.” This instrument bears date 17th December, 1845. It does not appear to have been recorded in Mississippi, and was not re--, corded in Louisiana until December, 1849.
Singleton died in November, 1846, within a year from the date of the instrument. This estate was administered by the Clerk on the oath of Kelly, as an estate under the value, ($500,) and as consisting entirely of movables. Kelly having bought at the probate sale of Singleton property to the amount of $187 75, presented the remaining notes which were secured by the deed of trust, and which amounted to $401, and a note of a later date of $167 89, to the administrator, and obtained from him a credit to that amount upon the purchases, by allowing the same as a credit upon the notes of Singleton. Having, therefore, instead of living content with his stipulation, that he should not be compelled to pay anything more for the negroes after the death of Singleton, undertaken to exact the notes which were secured by the instrument, a Court of Chancery, in my opinion would, notwithstanding Singleton’s death, at once hold the instrument as a mere security for the loan of a sum of money, and decree the property to the plaintiff, on paying the defendants the excess, if any, of the notes over the time of the negroes. I, therefore, think the same judgment ought to be rendered here, and that the judgment of the lower court ought to be reversed.